UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC VERNON PARKER,

    Petitioner,

v.

MARION E. SPEARMAN, Warden,

    Respondent.

Case No. 14-1015 VC (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND AND REQUIRING ELECTION BY PETITIONER**

    Eric Vernon Parker, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Parker has paid the $5.00 filing fee. For the reasons discussed below, the petition is dismissed with leave to amend and for Parker to elect how he wishes to proceed with his amended petition.

**BACKGROUND**

    The claims Parker asserts in his petition are difficult to understand. His primary concern appears to be that erroneous charges are in his record, the source of which is his California Department of Justice arrest history. Pet'n at 8.[1] He alleges that the California Department of Corrections and Rehabilitation ("Department of Corrections") relied upon this erroneous information to affix an "R" suffix to Parker's Probation Sentencing Report, and that, but for this error, he would have a speedier release from prison. Pet'n at 9. Parker appears to be asserting a due process violation based upon this state error. Parker also claims prosecutorial misconduct for "raising references to false information," and ineffective assistance of counsel for failing to appeal the prosecutor's misconduct.

    Although Parker submits letters from state agencies rejecting his requests to have his criminal history record corrected, he does not indicate that he has exhausted state court remedies for his constitutional claims.

---

[1] The page numbers refer to the numbers that appear in the Court's electronic case filing system.

**DISCUSSION**

**I. Exhaustion Requirement**

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Rose*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A petition containing only unexhausted claims must be dismissed. *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (citing *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997)). The petitioner has the burden of pleading exhaustion in his or her habeas petition. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

However, district courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not deprive them of that authority. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005). Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 277-78). Therefore, a petitioner can ask the district court to stay a mixed petition, that is, one containing exhausted and unexhausted claims, while he exhausts his unexhausted claims in state court. Under *Rhines*, a

petitioner need not delete his unexhausted claims before asking the district court to issue a stay. *Jackson v. Roe*, 425 F.3d 654, 659-61 (9th Cir. 2005). [2]

In *Rhines*, the Supreme Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be thirty days to get to state court, as long as necessary in state court, and thirty days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly v. Small*, 315 F.3d at 1071.

**II. Analysis**

From Parker's petition, it is not clear what claims he is asserting. He appears to assert a due process claim based on the state error in listing the charges against him. However, a state administrative error may not rise to the level of a federal constitutional violation and, thus, would not be cognizable on habeas review. *See* 28 U.S.C. § 2254(a) (habeas review addresses violations of the federal constitution or federal statutes). He also appears to assert claims of ineffective

---

[2] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

assistance of counsel and prosecutorial misconduct. These are federal constitutional claims and are cognizable on habeas review, but before the Court can address them, state court remedies must be exhausted.

Therefore, this petition is dismissed with leave to amend. In an amended petition, Parker must clearly list the claims he is asserting and the factual basis for them. If none of the claims are exhausted, the petition must be dismissed without prejudice for Parker to fully exhausting them in state court and then he may file a new federal petition with exhausted claims. If the petition is a mixed petition, that is, it contains exhausted and unexhausted claims, Parker has the option of: (1) dismissing the unexhausted claims and proceeding with the exhausted ones; or (2) moving for a stay and abeyance of his newly-filed petition (if he chooses to file one) while he exhausts state court remedies. If Parker moves for a stay and abeyance under *Rhines* he must show: (1) good cause for the failure to exhaust; (2) the claims are not meritless; and (3) he has not intentionally delayed for litigation purposes.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The petition is dismissed with leave to amend. If Parker files an amended petition, he must clearly indicate the claims he is asserting, the factual basis for those claims and whether he exhausted them in state court.

2. If Parker files an amended petition, he must specify in that petition how wishes to proceed.

3. If none of his claims are exhausted, the amended petition will be dismissed and Parker must exhaust his claims before.

4. If the amended petition is a mixed petition, Parker has the option, discussed above, of dismissing the unexhausted claims and proceeding with the ones that are exhausted, or moving for a stay and abeyance of his petition while he exhausts his unexhausted claims. If he moves for a stay and abeyance, he must follow the instructions the Court outlined above.

5. Parker has twenty-one days from the date of this Order to file an amended petition and to inform the Court of how he wishes to proceed on this amended petition.

6. If Parker does not file an amended petition within twenty-one days from the date of this Order, the Court will dismiss the petition without leave to amend but without prejudice to Parker's filing a new petition with exhausted claims.

**IT IS SO ORDERED.**

Dated: May 21, 2014

_____
VINCE CHHABRIA
United States District Judge